PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1723
_____

UNITED STATES OF AMERICA

v.

WALTER VANCE HARRIS,
                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00080-001)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2020

BEFORE: SHWARTZ, RESTREPO and GREENBERG,
Circuit Judges.

(Filed: July 20, 2020)
_____

Lisa B. Freeland
Federal Public Defender
Renee Pietropaolo
Assistant Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
    *Counsel for Appellant*

Scott W. Brady
United States Attorney
Laura Schleich Irwin
Assistant United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
    *Counsel for Appellee*

_____

OPINION

_____


PER CURIAM

Walter Harris, a federal prisoner, appeals the District Court's order denying his motion for compassionate release for failure to exhaust his administrative remedies. As the Government concedes error, we will vacate the District Court's order and remand the matter for further proceedings.

In February 2019, Harris filed a petition pursuant to 28 U.S.C. § 2241 in the District Court. The petition was

2

recharacterized as a motion for compassionate release. The Government argued that Harris had failed to exhaust his administrative remedies, and the District Court agreed. After filing a motion for reconsideration which the District Court denied, Harris filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

The Government concedes that its argument regarding exhaustion was in error. It asks that we reverse the District Court's judgment and remand the matter for further proceedings on the merits of Harris's motion. We agree that the District Court erred. A prisoner may file a motion for compassionate release with the sentencing court "after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or** the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier**." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The Government argued, and the District Court agreed, that because the Warden denied Harris's request within thirty days, he was required to completely exhaust the administrative remedy process. However, the statute states that the defendant may file the motion thirty days after the warden receives his request. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("But before they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.").

Accordingly, based on the Government's concession of error, we will vacate the District Court's order and remand the

3

matter for further proceedings[1] on the merits of Harris's motion.[2]

---

[1] The Government asks that we instruct the District Court to allow Harris time to obtain his medical records in order to file a supplement addressing the merits of his motion. We trust that the District Court will handle the matter on remand appropriately and expeditiously without specific instructions from us. Given the delay in this case caused by the Government's error, we urge the Government to do what it can to expedite resolution of the matter without further delay.

[2] Harris asks that we grant him release. However, we have held that we cannot decide a compassionate-release motion in the first instance. Raia, 954 F.3d at 596.